UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GERMAN LEYBINSKY,

Plaintiff,

v.

USCIS,

Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

19-CV-6154 (RPK) (LB)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff German Leybinsky was ordered removed from the United States in 1999. Because he has been unable to obtain travel documents from any other country, however, he has instead remained in the United States subject to an order of supervision issued by immigration authorities. Plaintiff now brings an action against the United States Citizenship and Immigration Services ("USCIS") asking that the agency be ordered to issue an Employment Authorization Document ("EAD"), vacate the order of removal, adjust his immigration status, and vacate his order of supervision. As explained below, the complaint is dismissed because the Court lacks subject-matter jurisdiction.

**BACKGROUND**

The following facts are drawn from the complaint, immigration documents attached as exhibits to the government's motion to dismiss, and plaintiff's response.

In 1991, plaintiff entered the United States on a one-year visitor's visa. *See* Decl. of Sheldon A. Smith Ex. A at 5 (Dkt. #26-1); *id.* Ex. B at 10.[*] After the visa expired, he remained in the United States without authorization. *Ibid.*

[*] Citations follow the pagination assigned by the Electronic Court Filing ("ECF") system rather than the documents' internal pagination.

In 1996, plaintiff was convicted of first-degree sexual abuse under New York Penal Law Section 130.65. Decl. of Sheldon A. Smith Ex. B at 11. He served two years in prison. *Id.* Ex. B at 11. After plaintiff's release, the Immigration and Naturalization Service ("INS") charged plaintiff with overstaying his visa and served him with a notice to appear in a removal proceeding. *Id.* Ex. A at 4-5; *id.* Ex. B at 14. On August 13, 1999, an immigration judge ordered plaintiff removed to Ukraine. *Id.* Ex. C at 17. Plaintiff filed an untimely appeal, which the Board of Immigration Appeals rejected. *Id.* Ex. D at 20.

INS was unable to remove plaintiff to Ukraine after the August 1999 order because Ukraine would not verify plaintiff's citizenship or issue travel documents for him. *See id.* Ex. B at 12; Compl. Ex. B at 12 (Dkt. #1). Plaintiff then attempted and failed to obtain travel documents from Israel, Belarus, and Russia. Decl. of Sheldon A. Smith Ex. B at 12; Compl. Ex. B at 9-11 (Dkt. #1). Since the INS could not execute the removal order, plaintiff remained in the United States. The INS placed plaintiff under an order of supervision on May 18, 2001. Decl. of Sheldon A. Smith Ex. B at 10; *see* 8 U.S.C. § 1231(a)(3); 8 C.F.R. §§ 241.4, 241.5.

Immigration authorities have revoked plaintiff's order of supervision and taken him into custody on two occasions since then—due to violations of reporting requirements and new criminal charges, respectively. Decl. of Sheldon A. Smith Ex. B at 10. But they re-released plaintiff on an order of supervision each time. *Id.* Ex. B at 10, 14. Most recently, in 2010, Immigration and Customs Enforcement ("ICE") released plaintiff on an order of supervision after determining that there was no significant likelihood that plaintiff would be removed in the immediately foreseeable future, as a result of plaintiff's inability to obtain travel documents. *Id.* Ex. B at 15; Compl. Ex. A.

Since 1994, plaintiff has applied for and been granted numerous EADs. *See* Decl. of Melissa Morris ¶¶ 3-11 (Dkt. #26-2). Most recently, on February 4, 2019, plaintiff filed an application for employment authorization under 8 C.F.R. § 274a.12(c)(18). Decl. of Melissa Morris ¶ 15; Compl. ¶ 4 (Dkt. #1); *id.* Ex. C (Dkt. #1). That regulation allows USCIS to authorize employment for a person "against whom a final order of deportation or removal exists and who is released on an order of supervision" if all countries designated to receive the person have refused. *See* 8 C.F.R. § 274a.12(c)(18). USCIS approved plaintiff's February 4, 2019 application on October 15, 2019. Decl. of Melissa Morris ¶ 15. It then issued plaintiff an EAD valid from October 15, 2019 to October 14, 2020. *Ibid.*

On October 25, 2019—ten days after USCIS evidently approved plaintiff's EAD application—plaintiff filed this *pro se* action. Plaintiff alleges that USCIS is "violating [his] constitutional rights" by delaying a decision on his employment authorization, keeping him under an order of supervision, and denying him lawful permanent resident status. Compl. ¶ 6. Plaintiff asks the Court to compel USCIS to provide him with an EAD, vacate the final order of removal, vacate the order of supervision, and grant him "temporary immigration status or any other status." *Id.* at 2, 3; Resp. to Mot. to Dismiss at 3 (Dkt. #28).

USCIS has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) on the grounds that this Court lacks subject-matter jurisdiction. *See* Mot. to Dismiss at 1 (Dkt. #26).

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015).

"The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In deciding a Rule 12(b)(1) motion, the court "must take all facts alleged in the complaint as true." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)). "But where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and alteration omitted) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

Plaintiff is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Still, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Defendant's motion to dismiss the complaint is granted. Plaintiff's claim that USCIS failed to issue him an EAD is moot, and the REAL ID Act of 2005, 8 U.S.C. § 1252 *et. seq.*, strips the Court of subject-matter jurisdiction over plaintiff's other requests for injunctive relief.

**I. Plaintiff's request for an EAD is moot.**

"Article III, Section 2 of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies' . . . ." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). To satisfy the requirements of Article III, a controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Ibid.* (internal quotation marks omitted) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). If at any point during the suit "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), the case is moot and must be dismissed, *Symczyk*, 569 U.S. at 72. Because federal courts lack subject-matter jurisdiction over a moot case, dismissal is proper under Rule 12(b)(1). *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013).

Plaintiff's demand that USCIS process his employment authorization application is moot because the agency has issued his EAD. *See* Decl. of Melissa Morris ¶ 15. "When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot . . . ." *Kuai Le Chen v. Nielsen*, 365 F. Supp. 3d 292, 295 (E.D.N.Y. 2019) (citing *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)). Therefore, a request that an immigration agency process an application that the agency already approved does not present a "live" controversy for the purposes of Article III. *See, e.g.*, *Noor v. Homan*, No. 17-CV-1558 (WFK), 2018 WL 1313233, at *4 (E.D.N.Y. Feb. 27, 2018) ("To the extent that [p]laintiff requests this Court to issue an order directing USCIS to adjudicate his application for employment authorization, that request is denied as moot[] [because] USCIS has issued [p]laintiff his employment authorization."); *Alharbi v. Miller*, 368 F. Supp. 3d 527, 550 (E.D.N.Y. 2019); *Feng Chen ex rel. Jian Jinghon v. Sessions*, 321 F. Supp. 3d 332, 337 (E.D.N.Y. 2018).

Plaintiff's request for an order compelling USCIS to process his application is accordingly moot and dismissed for lack of subject-matter jurisdiction.

**II. The Court lacks subject-matter jurisdiction over plaintiff's other requests for injunctive relief.**

The Real ID Act of 2005 specifies that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). In addition to this jurisdiction-stripping provision, the statute confines "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" to "judicial review of a final order under this section." *Id.* § 1252(b)(9). Together, Sections 1252(a)(5) and 1252(b)(9) "channel all challenges to removal orders and removal proceedings to the courts of appeals." *Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 224 (S.D.N.Y. 2019).

Plaintiff's challenges to his order of removal, immigration status, and order of supervision all require judicial review of an order of removal. *See* 8 U.S.C. 1252(a)(5). For the reasons set out below, the REAL ID Act prevents the Court from exercising subject-matter jurisdiction over plaintiff's challenges, *see ibid.*, and so plaintiff's requests for injunctive relief are dismissed without prejudice.

**A. Order of Removal**

The Court lacks subject-matter jurisdiction over plaintiff's attempt to vacate his order of removal. As noted above, Section 1252(a)(5) vests exclusive jurisdiction to review such orders in the courts of appeal. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 105 (2d Cir. 2008). Accordingly, plaintiff has filed his request for judicial review of his 1999 removal order in the wrong forum. Since the REAL ID Act prohibits the Court from exercising subject-matter

jurisdiction over plaintiff's challenge to the order of removal, his request is dismissed without prejudice.

**B. Immigration Status**

Plaintiff's request for the Court to adjust his immigration status is also a challenge to the order of removal over which the Court lacks subject-matter jurisdiction.

The Second Circuit has interpreted Section 1252(a)(5) to prevent a district court from hearing even indirect challenges to an order of removal. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam). Still, every suit "brought against immigration authorities is not *per se* a challenge to a removal order" for which the Real ID Act eliminates review in the district court. *Ibid.* "[W]hether the district court has jurisdiction will turn on the substance of the relief that plaintiff is seeking." *Ibid.* Section 1252(a)(5) strips a district court's jurisdiction where the plaintiff's requested relief "has the effect of temporarily barring the [g]overnment from acting on . . . removal orders." *Asylum Seeker Advoc. Project*, 409 F. Supp. 3d at 225-26. In contrast, a district court may exercise jurisdiction over requests "unrelated to any removal action or proceeding"—such as a petition to classify a noncitizen as an immediate relative of a United States citizen. *Delgado*, 643 F.3d at 55 n.3 (quoting *Ruiz v. Mukasey*, 552 F.3d 269, 274 n.3 (2d Cir. 2009)).

Plaintiff's request for an adjustment of status is an indirect challenge to the removal order. Plaintiff does not specify the precise form of adjustment he seeks, but he appears to ask for status equivalent to the lawful permanent resident status that USCIS has denied him, or a comparable status that would prevent his removal once a suitable country is identified. *See* Compl. ¶ 5; *cf.* 8 C.F.R. § 241.4(l)(2)(iii) (authorizing revocation of an alien's release when "appropriate to enforce a removal order"); *Kalombo v. Shanahan*, No. 07 Civ. 11350(PKC), 2009 WL 1788589, at *6-7 (S.D.N.Y. June 23, 2009) (describing how a person under a

supervision order is still subject to removal when feasible). Either form of status adjustment would prevent immigration authorities from executing the removal order. *See Pan v. Whitaker*, 351 F. Supp. 3d 246, 250 (E.D.N.Y. 2019) (collecting cases); *Asylum Seeker Advoc. Project*, 409 F. Supp. 3d at 225-26. Because plaintiff's request to adjust his immigration status is an indirect challenge to the removal order, *see Delgado*, 643 F.3d at 55, this claim is dismissed without prejudice.

**C. Order of Supervision**

Likewise, the Court lacks jurisdiction over plaintiff's request to vacate his order of supervision, because it too indirectly attacks the validity of the underlying removal order. If the Court vacated the supervision order but not the removal order, plaintiff would be taken into custody by ICE. *See* 8 C.F.R. § 241.4(l)(2)(iii); *Zadvydas v. Davis*, 533 U.S. 678, 696 (2001) ("[The choice] is between imprisonment and supervision under release conditions that may not be violated."). Plaintiff's complaint cannot be plausibly read to request that relief. Instead, the complaint makes plain that the relief plaintiff seeks is to live freely in the United States without being subject to immigration supervision—a form of relief that could only be obtained by vacating the removal order along with the supervision order. *See, e.g.*, Compl. ¶ 6 (asserting that subjecting plaintiff to order of supervision and "continually denying . . . any permanent resident status" is violating plaintiff's "right to be free living in [the] United States and supporting his family"); *id.* ¶ 8 (emphasizing plaintiff's need to start "legally working [to] earn money and pay his bills and support[] his family"). Because plaintiff's complaint makes clear that he is seeking vacatur of the supervision order as an accompaniment to receiving lawful status—and not seeking to have the order vacated on its own, so that he can be returned to ICE custody—plaintiff's challenge to supervision is an indirect challenge to removal. *See Delgado*, 643 F.3d at 55. Section 1252(a)(5) deprives the Court of subject-matter jurisdiction over such a challenge,

and plaintiff's request to vacate the order of supervision is accordingly also dismissed without prejudice.

**CONCLUSION**

Plaintiff's complaint is dismissed without prejudice for lack of subject-matter jurisdiction. For a *pro se* plaintiff, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff may file an amended complaint by October 27, 2021, that addresses the defects outlined in this opinion.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 26, 2021
Brooklyn, New York